IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LAKEISA SIMMONS, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   NO. 2:21-cv-00431-MHT-SRW |
| | ) |
| UNITED STATES POSTAL SERVICE, | ) |
| | ) |
|     Defendant. | ) |

**REPORT AND RECOMMENDATION**[1]

**I.**    **Introduction**

On June 23, 2021, Defendant United States Postal Service ("USPS") removed this action, which was filed in the Circuit Court for Montgomery County, Alabama, to this court pursuant to 28 U.S.C. § 28 U.S.C. § 1442(a)(1), without objection. (Doc. 1). *Pro se* Plaintiff LaKeisha Simmons alleges that Defendant damaged her "property (mailbox,)" was rude and unprofessional toward her, and caused her emotional distress. (Doc. 1-1). Plaintiff seeks damages in the amount of $20,000.00, plus costs. *Id*.

Before the court is Defendant's motion to dismiss (Doc. 4), under Federal Rule of Civil Procedure 12(b)(1). Defendant contends that the court lacks jurisdiction to hear Plaintiff's tort claims against the USPS because they are against the wrong party-defendant and she has not exhausted her mandatory administrative remedies under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-2680. (Doc. 5, at 1). The court ordered Plaintiff to respond to Defendant's motion to dismiss (Doc. 7), and Plaintiff filed a response (Doc. 8).

---

[1] By order entered June 30, 2021, the district judge referred this case to the undersigned for consideration and disposition or recommendation on all pretrial matters. *See* Doc. 6.

For the reasons set forth below, the court concludes that Defendant's motion is due to be granted and that Plaintiff's claims should be dismissed without prejudice.

## II.     Legal Standard

Federal courts are "courts of limited jurisdiction" possessing "only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) challenges a court's constitutional or statutory power to hear the case before it. Fed. R. Civ. P. 12(b)(1); *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). Such a challenge can come in two forms—either a facial attack or a factual attack. *Scarfo v. Ginsberg*, 175 F.3d 957, 960 (11th Cir. 1999). "Facial attacks challenge subject matter jurisdiction based on the allegations in the complaint, and the district court takes the allegations as true in deciding whether to grant the motion." *Morrison v. Amway Corp.*, 323 F.3d 920, 925 n.5 (11th Cir. 2003). Factual attacks, on the other hand, "challenge subject matter jurisdiction in fact, irrespective of the pleadings. In resolving a factual attack, the district court may consider extrinsic evidence such as testimony and affidavits." *Id*. (citations omitted). "In other words, when a party raises a factual attack to subject-matter jurisdiction, the court is not obligated to take the allegations in the complaint as true, but may consider extrinsic evidence such as affidavits." *Walton v. Sec'y Veterans Admin.*, 187 F. Supp. 3d 1317, 1324 (N.D. Ala. 2016) (citing *Odyssey Marine Exploration, Inc. v. Unidentified Shipwrecked Vessel*, 657 F.3d 1159, 1169 (11th Cir.2011)); *Butts v. ALN Grp., LLC*, 512 F. Supp. 3d 1301, 1305 (S.D. Fla. 2021) ("In a factual attack on subject matter jurisdiction that does not implicate the elements of the underlying cause of action, 'no presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims.'") (quoting *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990)). "The burden of proof on a motion to dismiss for lack of

2

subject-matter jurisdiction is on the party asserting jurisdiction (*i.e.*, Plaintiff)." *Id.*; *Brewer v. Comm'r*, 430 F. Supp. 2d 1254, 1258 (S.D. Ala. 2006) ("Although defendant is the moving party, plaintiff is the party seeking to invoke the court's jurisdiction. As such, plaintiff bears the burden of establishing subject matter jurisdiction.").

### III.  Discussion

Defendant contends that Plaintiff cannot demonstrate a waiver of sovereign immunity and the existence of subject matter jurisdiction. (Doc. 5, at 2).

"An action is one against the United States as a sovereign where the judgment sought is to be satisfied from monies of the federal Treasury, or where the judgment interferes with public administration, or where the judgment's effect is to compel or restrain the government's actions." *Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1555 (11th Cir. 1985). "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *F.D.I.C. v. Meyer*, 510 U.S. 471, 474 (1994); *Williams v. Cheatham*, No. 519CV00494, 2021 WL 2895743, at *4 (M.D. Fla. July 9, 2021) ("Thus, the United States and its agencies can be sued for money damages only if it waives its sovereign immunity."). "[T]he existence of consent is a prerequisite for jurisdiction." *Asociacion de Empleados del Area Canalera (ASEDAC) v. Panama Canal Comm'n*, 453 F.3d 1309, 1315 (11th Cir. 2006); *Daniel v. United States*, 891 F. Supp. 600, 603 (N.D. Ga. 1995). "If there is no specific waiver of sovereign immunity as to a particular claim filed against the Government, the court lacks subject matter jurisdiction over the suit." *Zelaya v. United States*, 781 F.3d 1315, 1322 (11th Cir. 2015).

"The sovereign immunity of the United States can only be waived if Congress enacts statutes consenting to suit." *Brewer v. Comm'r*, 430 F. Supp. 2d 1254, 1258 (S.D. Ala. 2006). "A waiver of sovereign immunity must be 'unequivocally expressed,' and an expressed waiver will be strictly construed." *Ishler v. Internal Revenue*, 237 F. App'x 394, 397 (11th Cir. 2007) (citing

3

*United States v. Nordic Village, Inc.*, 503 U.S. 30, 33-34 (1992)); *Savage Servs. Corp. v. United States*, No. 21-10745, 2022 WL 368281, at *5 (11th Cir. Feb. 8, 2022). "The jurisdictional allegations in the complaint must include a reference to the statute containing a waiver of the government's immunity from suit." 'A failure to plead the statutory waiver of sovereign immunity results in a failure to invoke the court's subject matter jurisdiction.'" *David v. United States*, No. 8:19-CV-2591, 2020 WL 4734949, at *3 (M.D. Fla. Aug. 14, 2020) (citations omitted); *Williams*, 2021 WL 2895743, at *4 ("A plaintiff must plead a waiver of sovereign immunity for a court to exercise subject matter jurisdiction.").

Plaintiff's claims for damage to her property and for emotional distress are tort claims under state law. The Federal Tort Claims Act ("FTCA") is the exclusive avenue for plaintiffs to pursue claims against the United States for torts committed by federal employees within the scope of their office or employment. *See Caldwell v. Klinker*, 646 F. App'x 842, 846 (11th Cir. 2016) ("An action against the United States under the FTCA is the exclusive remedy for employment-related torts committed by employees of the federal government."). "The FTCA provides a limited waiver of the United States' sovereign immunity for tort claims." *Dalrymple v. United States*, 460 F.3d 1318, 1324 (11th Cir. 2006). Specifically, the FTCA "gives federal district courts exclusive jurisdiction over claims against the United States for 'injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission' of a federal employee 'acting within the scope of his office or employment.'" *Millbrook v. United States*, 569 U.S. 50, 52 (2013) (quoting 28 U.S.C. § 1346(b)(1)); 28 U.S.C. § 2679(b)(1) ("The remedy against the United States . . . for injury or loss of property, or personal injury or death arising or resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment is exclusive of any other civil action or proceeding for money damages by reason of the same subject matter against the employee . . . ."). Further, the FTCA establishes

4

that liability is determined "in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1); *Gomez v. United States*, 601 F. App'x 841, 851 (11th Cir. 2015) ("The FTCA demands that federal courts apply the law of the situs state to determine whether a tort claim has been stated.").

Plaintiff is required to comply with the FTCA's requirement of exhausting her administrative remedies before filing suit in federal court. *Caldwell*, 646 F. App'x at 846 (citing *McNeil v. United States*, 508 U.S. 106, 113 (1993) ("The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies.")). "Even *pro se* litigants must comply with the exhaustion requirement. Unless and until a claimant has exhausted his administrative remedies under the FTCA, the district court lacks subject-matter jurisdiction." *Id*. (citation omitted). "A plaintiff bringing a claim against the United States under the FTCA must first present the claim to the appropriate federal agency and wait for the agency to finally deny it. An agency's failure to dispose of a claim within six months is deemed to be a final denial." *Burchfield v. United States*, 168 F.3d 1252, 1254 (11th Cir. 1999) (citing 28 U.S.C. § 2675(a)). "An appropriate federal agency is the actual federal agency responsible for handling the claim and not the government-funded entity or government employee who committed the alleged tort." *Motta ex rel. A.M. v. United States*, 717 F.3d 840, 843 (11th Cir. 2013)). "A federal court has no subject matter jurisdiction over a suit against the United States unless the plaintiff has first filed an administrative claim with the concerned agency pursuant to § 2675(a) that contains a 'claim for money damages in a sum certain.'" *Wills v. Postmaster Gen.*, 300 F. App'x 748, 752 (11th Cir. 2008) (citation omitted).

Here, Plaintiff does not allege in her complaint that she filed an administrative claim, nor did she offer any evidence in her response that she did so. Further, Defendant submits the declaration of Kimberly A. Herbst, Supervisor, Tort Claims Examiner/Adjudicator with the United

States Postal Service National Tort Center, St. Louis General Law Office, who attests that she conducted a search of all postal service law department records of administrative tort claims submitted for adjudication for evidence of an administrative claim filed by or on behalf of Plaintiff, but found that no such claim had been filed. (Doc. 5-1, at ¶¶ 1, 4). Because Plaintiff's tort law claims were subject to the FTCA but she failed to exhaust her administrative remedies before filing suit in federal court, Plaintiff's tort claims are due to be dismissed for lack of jurisdiction. *Caldwell*, 646 F. App'x at 847; *Pompey v. Coad*, 314 F. App'x 176, 179 (11th Cir. 2008) ("Because Pompey did not allege facts sufficient to show that he exhausted administrative remedies—a jurisdictional prerequisite to his suit under the FTCA—the district court properly dismissed his complaint."). Plaintiff's "*pro se* status does not excuse h[er] failure to satisfy the FTCA's requirements." *Id*.

In addition, "the FTCA authorizes claims only against the United States." *Trupei v. United States*, 304 F. App'x 776, 782 (11th Cir. 2008); s*ee* 28 U.S.C. § 2679(a) ("The authority of any federal agency to sue and be sued in its own name shall not be construed to authorize suits against such federal agency on claims which are cognizable under section 1346(b) . . . ."); 28 U.S.C. § 2679(b)(1) (the remedy against the United States for injuries resulting from the acts of government employees acting in the scope of their employment is "exclusive of any other civil action or proceeding for money damages by reason of the same subject matter against the employee whose act or omission gave rise to the claim"); *Simmons v. Himmelreich*, 578 U.S. 621, 627-28 (2016) ("[A] plaintiff generally cannot sue an employee where the FTCA would allow him to sue the United States instead."); *Galvin v. Occupational Safety and Health Admin.*, 860 F.2d 181, 183 (5th Cir.1988) ("It is beyond dispute that the United States, and not the responsible agency or employee, is the proper party defendant in a Federal Tort Claims Act suit."). "[A]n FTCA claim against a federal agency or employee as opposed to the United States itself must be dismissed for want of jurisdiction." *Galvin*, 860 F.2d at 183. Here, Plaintiff failed to allege the United States as the proper

6

defendant and failed to move to amend her complaint to add the United States as the proper defendant. *See Wills*, 300 F. App'x at 752 ("The district court properly found . . . that under the FTCA Wills had named the wrong defendant, the USPS, rather than the United States."); *Rowell v. United States*, No. 3:18-CV-165, 2018 WL 3596857, at *1 (M.D. Ala. June 28, 2018), *report and recommendation adopted*, No. 3:18-CV-165, 2018 WL 3594993 (M.D. Ala. July 25, 2018). Therefore, Plaintiff's complaint is due to be dismissed for lack of jurisdiction. *See Carr v. Veterans Administration*, 522 F.2d 1355, 1356 (5th Cir.1975) (affirming dismissal of case because United States was proper party instead of Veterans Administration)²; *Polonczyk v. Colvin*, No. CIV.A. 14-0327, 2014 WL 5307879, at *5 (S.D. Ala. Oct. 16, 2014); *Holmes v. Dep't of Veterans Affs.*, No. 3:07-CV-490, 2007 WL 4223221, at *2 (M.D. Ala. Nov. 28, 2007) ("Based on the explicit statutory language, a specific agency cannot be sued under the FTCA and a claim under the FTCA against a federal agency as opposed to the United States must be dismissed for want of jurisdiction."); *Allgeier v. United States*, 909 F.2d 869, 871 (6th Cir. 1990) ("Failure to name the United States as defendant in an FTCA suit results in a fatal lack of jurisdiction.").

**IV.   Conclusion**

For the reasons stated above, the Magistrate Judge RECOMMENDS that Defendant's motion to dismiss (Doc. 4) be GRANTED and that this action be DISMISSED WITHOUT PREJUDICE. It is further

ORDERED that the parties shall file any objections to the said Recommendation on or before March 16, 2022. Any objections filed must specifically identify the findings in the Magistrate Judge's recommendation to which the party objects. Frivolous, conclusive or general

---

² *See Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. 1981) (holding that decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981, are binding in the Eleventh Circuit).

objections will not be considered by the District Court. The parties are advised that this recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the magistrate judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).

DONE, on this the 1st day of March, 2022.

/s/ Susan Russ Walker
Susan Russ Walker
United States Magistrate Judge